[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BEFORE:
THE HONORABLE RICHARD A. DAMIANI, JUDGE
APPEARANCES:
 MAUREEN KEEGAN, ESQUIRE Assistant State's Attorney 300 Grand Street Waterbury, Connecticut ATTORNEY FOR THE STATE OF CONNECTICUT
 KAREN DIEBOLT, ESQUIRE ATTORNEY FOR THE DEFENDANT
THE COURT: The matter of state versus Latone James. Just for the record, Mr. James is now here. Ms. Diebolt is here. Ms. Keegan. Motion to dismiss was filed by the defendant on two grounds, double jeopardy, collateral estoppel. I prepared a written decision. I did not give the secretaries to type because I should have given it to them sooner, but I just completed it over the weekend. I'm going to read the decision into the record today. The defendant will have twenty days from the date that he receives — as Ms. Diebolt receives a copy of the transcript, which I will sign, as my written decision.
The facts as enumerated in the defendant's memorandum of law in support of the motion to dismiss; Mr. James was tried before a jury on the charge of felony murder, first degree robbery, and two counts of first degree assault. The state charged the defendant by information and more specifically in a Bill of Particulars only as the principal in the commission of those offenses. The CT Page 4671 defendant testified that he was an accessory, not the principal. The jury was charged that they could only find the defendant guilty if they found that he was the principal.
The jury returned a guilty verdict on the first degree robbery charge and were hung on the remaining three counts. A mistrial was declared on those hung counts. The defendant was sentenced on December 13, 1996 to twenty years on the robbery charge.
The state has re-filed a substitute information charging the defendant with felony murder alleging that the defendant acted alternatively as principal or accessory.
The felony murder is a robbery based felony murder charge. The same robbery that the defendant already stands convicted. The issue raised by the defendant is as follows. Is the state barred by double jeopardy or collateral estoppel from retrying the defendant on felony murder when an essential element, first degree robbery, of the crime has been determined against the defendant in a prior trial that resulted in a partial verdict of guilty on first degree robbery and hung on the felony murder count? The answer to both questions is no.
The fifth amendment to the United States Constitution provides, in relevant part, nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb. This clause, which is applicable to states through thefourteenth amendment, establishes the constitutional standards concerning the guarantee against double jeopardy.
In addition, although the Connecticut Constitution does not include a specific double jeopardy provision, the supreme court has long recognized as a fundamental principle of common law that no one shall be put in jeopardy more than once for the same offense. Therefore, due process CT Page 4672 guarantees — I'm sorry, the due process guarantees provided by article first, section nine of the Connecticut Constitution have been held to encompass the protections against double jeopardy. The traditional approach to analyzing whether the two offenses constitute the same offense for double jeopardy purposes was set forth in Blockburger versus United States, 284 U.S. 299. Stated where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.
In the present case there's no question that first degree robbery constitutes the same offense as felony murder under the Blockburger test, where the felony murder charge count alleges robbery as the predicate offense. This conclusion is dictated by the court's decision in State versus Morin, M-o-r-i-n, 180 Connecticut 599, 601 to 605, where the court concluded that first degree robbery is a lesser included offense of felony murder. The State versus Greco. The Connecticut Supreme court, however, has determined that multiple punishments for two offenses does not violate the double jeopardy clause because of the legislative intent behind the statutes. While the state may prosecute and punish a defendant for felony murder as well as any predicate offense in the same trial, double jeopardy bars such prosecution in successive trials. Consequently, it would ordinarily violate the principle of double jeopardy to try a defendant for the predicate crime of robbery and then, in a successive prosecution, try him for felony murder. There are exceptions to this rule, however. When a mistrial is declared, under circumstances that make completion of the trial impossible or impractical, a new trial does not constitute double jeopardy if the mistrial was necessitated by manifest necessity. A mistrial as a result of the failure of a jury to agree is a classic example of what is considered manifest necessity such that double jeopardy would not attach to a subsequent trial. CT Page 4673
The present case differs from the above analysis. In the present case the defendant argues that his robbery conviction as a conviction on a lesser included offense of robbery-based felony murder, is a conviction on the same offense as felony murder for purposes of double jeopardy. Therefore, he claims that since the jeopardy of his robbery conviction ended with entry of final judgment on that conviction, his prosecution and conviction for the robbery is the constitutional predicate for a double jeopardy claim that bars a retrial for felony murder.
The defendant's argument rests on the assumption that his second felony murder trial would be a subsequent prosecution for the same offense. While such prosecution would indeed involve the same offense, as set out in State versus Greco, it does not — it is not a successive prosecution such that it would be prohibited by the double jeopardy clause. Double jeopardy prohibits subsequent prosecutions after the completion of a first jeopardy. Thus, to succeed the defendant must show, first of all, that the jeopardy of the second felony murder trial attached only after his previous conviction. Protection of the double jeopardy cause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy. The trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which the defendant was subjected.
The reprosecution of the defendant for felony murder does not implicate the double jeopardy clause because it is a mere continuation of the initial prosecution for first degree robbery and felony murder and not a successive prosecution.
The defendant next argues that the state is collaterally estopped from retrying the defendant for felony murder. Such an argument is unpersuasive for the reasons set forth above. The defendant, however, also seems to make a claim that the state is collaterally estopped from charging CT Page 4674 the defendant alternatively as the principal or the accessory for the felony murder count because the original jury already conclusively found that the defendant was the principal as regarding the robbery count and, therefore, as to the murder count.
Collateral estoppel operates to estop the relitigation by parties and their privies of any right, fact or legal matter which is put in issue and has once been determined by a valid and final judgment of a court of competent jurisdiction. Collateral estoppel applies to both criminal and civil proceedings. In determining which issues of ultimate fact have been determined by the jury's guilty verdict for the robbery charge, the United States Supreme court has stated that the court should examine the record of the prior proceeding, taking into account the pleadings, the evidence, the charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration. The inquiry must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.
To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the government is attempting to relitigate those facts in the second proceeding. State versus Aparo, 223 Connecticut 389. Eventhough it is possible that the jury could have returned inconsistent verdicts in the first trial, collateral estoppel bars the state from relitigating a question of fact that was determined in the defendant's favor by a partial verdict.
The question that now must be answered is whether the jury's finding the defendant guilty of first degree robbery necessarily determined that the defendant acted as the principal in the felony murder. It does not. It is possible for the defendant to have been the principal in the robbery CT Page 4675 yet still only an accessory to the murder. Therefore, the issue of whether he was the principal or an accessory to murder is not precluded by the previous jury verdict. If an issue has been determined but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent prosecution. Collateral estoppel does not bar relitigation of a nonessential issue because such an issue may not have been afforded careful deliberation and analysis. State versus Ball, 226 Connecticut 265, 276.
Accordingly, the defendant's motion to dismiss is denied.
Type it up. I'll sign it. As soon as counsel get copies, the appeal period will start to run.
Okay. Take five minute recess.
(Whereupon, this matter was concluded.)
CERTIFICATION
This is to certify that I, Nancy Zanfardino, a Certified Shorthand Reporter and Notary Public in and for the State of Connecticut, certify that the foregoing is a true and accurate transcript of my stenographic notes taken with reference to the above-entitled matter, heard before the Honorable Richard A. Damiani, Judge, at the Waterbury Superior Court Waterbury, Connecticut, on April 16, 1997.
Dated at Waterbury, Connecticut, on this 21st day of April, 1997.
Nancy Zanfardino Certified Shorthand Reporter